■ In the Matter of the Claim of JAMES CHADBURN, Respondent, v. DRACHMAN DEMOLITION Co. et al., Appellants, and HOWARD COLLINS CONSTRUCTION Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from a decision and award of the Workmen's Compensation Board which determined that an accident occurred on March 24, 1959 and apportioned liability between that accident and the original accident of August 23, 1957. There was no issue as to the payment of compensation to the claimant. In this case, the board found: " On March 24, 1959, while drilling with a jack hammer, he felt a weakness in his back. * * * The Board finds that claimant sustained an accidental back injury on March 24, 1959 and the disability after that date based on the medical evidence is causally related to both accidents." On the day of the alleged accident, the claimant was using a chip hammer which required him to " pick it up and down " and which weighed " About thirty, thirty-five pounds, maybe more ". He further testified that it was a different and a heavier type of hammer than ordinarily used by him and required different maneuvering and manipulation of his arms and body; that while his back had bothered him right along, after using the hammer he felt himself getting weaker and his back was " killing me very bad " and shortly thereafter required him to cease his work and go to the hospital for treatment. This record presents the usual troublesome question of causation which arises in back injury cases but in our opinion, there is substantial evidence to sustain the finding of an accident by the board. With an already weakened back, the description of the work the claimant was doing on March 24, 1959, the immediate physical consequences therefrom, together with the medical testimony, were sufficient to establish the happening of an accident. (*Matter of Lindsay* v. *Nowrocki*, 9 A D 2d 977.) There is also sufficient evidence to find that each episode [Aug. 23, 1957 and March 24, 1959] had some effect on his subsequent and continuing disability and therefore, justification of the apportionment by the board. Decision and award unanimously affirmed, with costs to the respondent employer and carrier, against the appellants. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.